NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED COOK INLET DRIFT
ASSOCIATION; COOK INLET
FISHERMEN'S FUND,

          Plaintiffs-Appellants,

  v.

NATIONAL MARINE FISHERIES
SERVICE; et al.,

          Defendants-Appellees,

STATE OF ALASKA,

      Intervenor-Defendant-
      Appellee.

No.    20-35029

D.C. No. 3:13-cv-00104-TMB

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Argued and Submitted May 12, 2020
San Francisco, California

Before:  WALLACE and R. NELSON, Circuit Judges, and GWIN,** District
Judge.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

United Cook Inlet Drift Association and Cook Inlet Fishermen's Fund (collectively "UCIDA") appeal the district court's order denying in part and granting in part UCIDA's motion to enforce judgment against Defendants-Appellees, National Marine Fisheries Service, *et al.* (collectively "NMFS"). We affirm.

1.     The district court properly exercised its discretion when it imposed a deadline by which the Council must adopt a recommendation for referral to NMFS. The district court found there was no evidence of intentional delay and set a date certain—December 31, 2020—for the Council to adopt a recommendation of the final federal salmon fishery management plan ("FMP") amendment, with "final agency action and/or promulgation of a final rule [to] occur within one year thereafter." This is a reasonable requirement a court may impose on an agency while it is deliberating on remand. *See Nat'l Wildlife Fed. v. NMFS*, 524 F.3d 917, 937 (9th Cir. 2008). Accordingly, the district court struck the appropriate balance between imposing a permissible "procedural restriction" and refraining from imposing an impermissible "substantive restraint." *Id.* at 937-38; *see also Alaska Ctr. For Env't v. Browner*, 20 F.3d 981, 986-87 (9th Cir. 1994).

The district court also correctly concluded that the UCIDA's argument that NMFS is considering only FMP alternatives that would violate the "letter and spirit of the decision" in *United Cook Inlet Association v. National Marine Fisheries*

*Service*, 837 F.3d 1055 (9th Cir. 2016), is premature as there has been no final agency action to review. The North Pacific Fishery Management Council is currently preparing a recommended proposal of the FMP and NMFS must ultimately decide whether to accept or reject the proposed FMP. Neither this Court's decision in *United Cook*, nor any relevant statute, required the district court to intervene in the administrative process, before the final agency action, to set deadlines and mandate the contents of the FMP amendment. *See* 16 U.S.C. § 1855(f)(1); 5 U.S.C. § 706(2); *see also Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 164 (2010) ("Until such time as the agency decides whether and how to exercise its regulatory authority, however, the courts have no cause to intervene.").

2. The district court also did not abuse its discretion when it declined to order interim relief for the commercial fishery. Neither *United Cook* nor the parties' agreed-upon district court judgment discussed or required interim relief or the special master appointment. And even if the district court did have the authority to grant interim relief, it did not abuse its discretion by declining to do so before NMFS approved the final FMP.

**AFFIRMED.**